HALLETT
v.
SLIDELL.

**J. AND A. HALLETT** *against* **J. AND T. SLIDELL, ASSIGNEES**
OF THE SHERIFF, &c.

A plaintiff, in
his replication,
may introduce
new matter to
explain and
fortify his de-
claration; and
where such
new matter is
introduced he
may conclude
with a verifi-
cation.

IN ERROR, from the mayor's court of the city of *New-York.*
*J.* and *T. Slidell*, as assignees of the sheriff, brought an action
against *J.* and *A. Hallett*, in the court below, on a bail-bond,
dated 28th *September*, 1812, taken in a suit in which the writ
was returnable the third *Monday* of *October* then next. The de-
fendants pleaded *comperuit ad diem.* The plaintiff replied, that
after the third *Monday* of *October*, 1812, and after the forfeiture
of the bond on which, &c. and after it was assigned to the plain-
tiffs, to wit, on the 9th *November*, 1812, the plaintiffs brought
their action on the said bail-bond, &c. That by the course
and practice of the mayor's court, &c. the appearance of any
defendant, arrested on a *capias* and held to bail, according to
the exigence of the writ, is effected by putting in, and filing in
the office of the clerk of the court, special bail, in such action,
within *ten days* inclusively after the return day of such writ,
and not otherwise; and that the defendant in the original suit
who was arrested and held to bail, &c. did not, within 10 days
inclusively after the return day of the writ, nor before the suit
was commenced by the plaintiffs in the bail-bond, put in and
file special bail, &c. nor otherwise howsoever appear in the
said court, &c. according to the exigence of the said writ, and
according to the condition of the said bond, &c. and this they
are ready to verify, &c.

To this replication the defendants demurred specially, 1. Be-
cause as the traverse in the replication denies the whole sub-
stance of the plea, the inducement to the traverse was unneces-
sary; and by such useless and superfluous inducement, rendered
a conclusion to the court, with a verification, requisite; and, 2.
Because the inducement to the traverse, containing no new matter
in itself, was immaterial, argumentative, and superfluous, and
produced an unnecessary prolixity of pleading, &c.

On this demurrer, the court below gave judgment for the
plaintiffs; and a writ of error was brought to this court.

ALBANY,
Jan. 1814.

BUTLER
v.
WARREN.

*Maynard* and *Foot*, for the plaintiffs in error. They cited 5 *Went. Pl.* 463. 2 *Johns. Rep.* 428.

*Slosson,* contra. He cited *Long* v. *Jackson.* (2 *Wils.* 8.)

*Per Curiam.* According to *Long* v. *Jackson,* (2 *Wils.* 8.) the plaintiffs were authorized to introduce into their replication matter in explanation of, or to fortify, their declaration, without incurring the charge of a departure; and as they introduced new matter, to wit, the course and practice of the court as to appearance, the conclusion with a verification was proper, and the judgment below must be affirmed.

Judgment affirmed.