## CHARLES K. WHITNEY *v.* THE TOWN OF ESSEX.

### *Highways.    Towns.*

A town having a travelled track sufficiently wide and suitable for all purposes of travel, and in repair, is not liable for injuries received in consequence of a defective foot path in the highway fifteen or twenty feet from the travelled track, which the town had never worked or repaired, though the public foot travel has passed over it for over thirty years.

ACTION on the case to recover damages for a personal injury to the plaintiff caused by the alleged defect of a highway in Essex, which that town was by law bound to keep in repair. Plea, the general issue, and trial by jury, Chittenden County, September Term, 1864, PIERPOINT, J., presiding.

It appeared that the town of Essex had never worked, made or repaired any foot path on the side of said road distinct and separated from the travelled track; that the town had worked and kept in re-

pair, on the whole length of said road, a travelled track, sufficiently wide and suitable for the passage of all travel both in vehicles and on foot; and that such travelled track was in good and sufficient repair at the time of the plaintiff's alleged injury; that along the greater portion of said road there was no travelled foot path except such as existed upon the aforesaid travelled track, but that from a point about twenty rods westerly of the place where the alleged injury to the plaintiff was received, to the common at Essex Centre, the public foot travel had for thirty years or more passed over a path some fifteen .or twenty feet south of the aforesaid travelled track, and near the front fences of the residents on the south side of said road; that this path was a narrow foot path, passing over the ground in its ungraded and natural condition, except in one or two places where private individuals had slightly graded the path in front of their own premises; that this path, at a point near the store of one Bates in ·Essex, passed over a set of platform hay-scales, which had been placed in the ground there by private individuals about thirty years before the accident to the plaintiff, and which were owned by private individuals, and managed and repaired by them as private property. The town of Essex never placed any barriers or obstructions to prevent foot passengers from passing over said hay-scales, nor did anything to indicate that it was unsafe to pass there. The road worked by the town opposite these scales, and in that neighborhood, was level, sandy and dry, easily accessible from the buildings on the south side, and as feasible for foot travel as any sandy road, and on the south edge of this road and on a level with it there was a feasible foot path somewhat travelled leading along in front of said scales.

It further appeared that on the 30th of October, 1863, in the day time, the plaintiff started to pass on foot over the aforesaid pathway and across said hay-scales to a shed on the south side of a certain store marked " B," and that while so passing over said scales, owing to the defective condition of the planking thereon, he fell through the same and received the injury for which he seeks to recover in this action; that the plaintiff knew that these scales were private property, and that the town of Essex had nothing to do with the management or control of them.

The defendant requested the court to instruct the jury that upon

the foregoing facts the town were not under any legal obligation to keep said hay-scales in repair, so as to be safe for public foot travel, and were therefore not liable for the injury sustained by the plaintiff in consequence of their want of repair. But the court declined so to charge the jury, but instructed them upon this point, for the purpose of this trial, that the undenied continuous use for thirty years or more by the public of the said foot path up to and over and across said scales as a part of said foot path, independently of any working or preparation of it for travel by the town, (the town knowing of such use and doing nothing to prevent it, rendered the town liable for any injury sustained by the plaintiff while travelling on the said foot path in consequence of its want of repair, provided they found he was then in the exercise of reasonable care and prudence; and that from the same facts the obligation also rested upon the town to keep the scales in suitable repair for public foot travel.

To the refusal of the court to charge the jury as requested, and to that portion of the charge above detailed, the defendant excepted.

*Wm. G. Shaw* and *Geo. F. Edmunds*, for the defendant.

The "*highway*," so far as regards the liability of a town for its insufficiency, is not the whole territory enclosed between the fences of the adjoining owners, or as defined by the public survey, but that portion sufficient to accommodate the public travel, which the town have worked and prepared for the purposes of a highway. The town of Essex, in providing a way sufficient in all respects for all the necessities of public travel, have done all the law requires. They cannot be compelled to shift the locality of their expenditures by the preference of the public, and thus have their previous outlay rendered valueless. The convenience of the individual or the public cannot control the obligation of the town. *Rice* v. *Montpelier*, 19 Vt. 470; *Shepardson* v. *Coleraine*, 13 Met. 55; *Smith* v. *Wendell*, 7 Cush. 498. The liability of a town for injuries sustained outside of the wrought and prepared way is generally a question for the court. *Rice* v. *Montpelier, ubi supra.* If the injury is incurred outside of a wrought way, in consequence of some involuntary deviation therefrom, as by the fright of a horse or some accident to the carriage, then the jury may decide whether the portion of the road outside of the wrought path is in sufficient repair to prevent injury in such

cases. Of such character are *Kelsey* v. *Glover*, 15 Vt. 708 ; *Cassidy* v. *Stockbridge*, 21 Vt. 391. But if the deviation is *voluntary*, *and for mere purposes of convenience*, then it is the duty of the court to instruct the jury that the town is not liable. *Rice* v. *Montpelier*, 19 Vt. 470 ; *Shepardson* v. *Coleraine*, 13 Met. 55 ; *Smith* v. *Wendell*, 7 Cush. 498 ; *Kellogg* v. *Northampton*, 4 Gray, 65 ; S. C., 8 Gray, 504 ; *Carolus* v. *N. Y.*, 6 Bosw. (N. Y. Sup. Ct.) 16.

*Howard* v. *North Bridgewater*, 16 Pick. 189, goes even farther than this proposition. Towns are not obliged to maintain sidewalks. Angell on Highways, 259 to 260 ; *Bacon* v. *Boston*, 3 Cush. 180 ; *Fitz* v. *Boston*, 4 Cush. 365 ; *Kellogg* v. *Northampton, ubi supra ; Hull* v. *Richmond*, 2 Wood & Minot, 337. The omission of the town to place a barrier to prevent travel from passing over these scales, even if under any circumstances it could be material, is of no consequence in this case.

*E. R. Hard*, for the plaintiff.

Towns have often been held responsible for injuries to travellers, occurring outside of the path provided by the town for the accommodation of travel ; even where such path was in good condition in all respects, and where the traveller had voluntarily departed from it. *Green* v. *Danby*, 12 Vt. 338 ; *Goodrich* v. *Colchester*, 18 Law Reg. 468 ; *Barber* v. *Essex*, 27 Vt. 62 ; *Willey* v. *Portsmouth*, 35 N. H. 303 ; *Cogswell* v. *Lexington*, 4 Cush. 307 ; *Jones* v. *Waltham, ib.* 299. And this, even where the injury occurred outside of the located limits of the highway. *Cogswell* v. *Lexington, supra ; Davis* v. *Hill*, 41 N. H. 329 ; *Jones* v. *Waltham, supra ; Goodrich* v. *Colchester, supra ; Hayden* v. *Attleborough*, 7 Gray, 338. Towns are primarily responsible for all injuries resulting from defects in their highways to travellers thereon, irrespective of the origin of such defects. The fact, therefore, that the scales through which the plaintiff fell were private property, and were allowed to remain in a dangerous condition through the negligence of their owners, in no way affects the liability of the defendant in this case. Angell on Highways, § 263 ; *Bacon* v. *Boston*, 3 Cush. 174 ; *Drake* v. *Lowell*, 13 Met. 292 ; *Brady* v. *Lowell*, 3 Cush. 121 ; *Elliot* v. *Concord*, 7 Foster, 204 ; *Battey* v. *Duxbury*, 24 Vt. 155 ; *Cassidy* v. *Stockbridge*, 21 Vt. 391 ; *Willey* v. *Portsmouth, supra.*

The opinion of the court was delivered by

BARRETT, J. The duty of towns in regard to highways is prescribed in § 1, ch. 25, G. S., thus: "All highways and bridges within the bounds of any town shall be kept in good and sufficient repair at the expense of such town, at all seasons of the year." The liability is imposed in § 41 of the same chapter. "If any special damage shall happen to any person, his team, carriage or other property by means of the insufficiency or want of repairs of any highway or bridge," &c.

The exceptions state that "the town of Essex had worked and kept in repair, on the whole length of said road a travelled track sufficiently wide and suitable for the passage of all travel, both vehicles and on foot; and that such travelled track was in good and sufficient repair at the time of the plaintiff's alleged injury." The accident to the plaintiff did not happen upon said travelled track, nor by reason of any defect in it, nor by reason of his being forced or misled from it. He went upon the foot path as matter of choice in passing from a store to a shed, both of which stood along on the line of said path; and, owing to the defective condition of some hayscales located in the line of said path, he received the injury. The town had never done any thing in any way in respect to said foot path.

The court assumed, as matter of law, from the fact of this long public use, that the town became chargeable with said foot path, as part of the highway. In this we think there was error. When the town had provided and kept in repair a travelled track sufficient and suitable for all purposes of travel by vehicles and on foot, it had discharged the duty prescribed by the statute; and if it is to be charged with something more, it must be in consequence of having assumed and undertaken to provide something more as part of said highway for the use of the public. The town was not, as matter of law, bound to provide more, upon the facts stated. It had no interest in the habit of persons departing from said track and walking close to the fences, and it had no right or authority to prevent them from so doing.

It is the settled duty of the town not only to keep the track in good and sufficient repair for the purposes of public travel, but

equally its duty to keep the margins in a reasonably safe condition against injurious consequences of accidents, such as usually do, and are most likely to occur in the course of public travel. The injury in this case was not the result of any accident happening in travelling along the highway; but was of the same category as that in the case of *Rice* v. *Montpelier*.

There may be cases in which the question of the sufficiency of the highway for public travel may involve the condition of the margin and side paths. In such cases that question, with all that is legitimately involved, should be submitted to the jury under proper instructions. But this is not such a case; for it is found affirmatively that the travelled track was sufficiently wide and suitable for the passage of all travel, and that it was in good and sufficient repair at the time of the alleged injury.

This case is also distinguishable from those cases in which towns have been held liable in respect to travelled tracks so left as to mislead the traveller as to which is the lawful public highway. Of this class of cases *Goodrich* v. *Colchester*, Chit. Co. 1855 (not reported), is a strong type. There was no such misleading here, for the public highway was not accompanied by another similar track, but was a single travelled track, " with a feasible foot path on the south edge somewhat travelled, leading along in front of said scales and round to the front of the store marked B;" while the foot path on which the plaintiff got his hurt was fifteen or twenty feet away from the road, and near to the fences of the residents,—with which path the town had never any thing to do.

We do not deem it best to discuss the question of right and liability as between the town and the owner of the scales in the present state of the case; nor is it important to elaborate and exemplify further the views upon which we regard the charge to be erroneous.

The judgment is reversed and case remanded.