## Case No. 8,470.

### LOMBARD v. CHICAGO.

[4 Biss. 460.] 1

Circuit Court, N. D. Illinois. Nov., 1865.

DUTY OF CITY IN PROTECTING NARROW COURTS— DEGREE OF OBLIGATION — DUTY OF PEDESTRIAN — CONTRIBUTORY NEGLIGENCE — MEASURE OF DAMAGES.

1. At excavations for admitting light at basement windows. in a narrow court, the city should require the owner to place guards as security against possible accidents; and it is negligence in the city to allow them to remain open.

2. The city. however. is not held to the same obligation as in a more public thoroughfare. and the passer-by must exercise due care, considering the character of the court and the purpose for which it was constructed.

3. If the plaintiff did not exercise that degree of caution which a prudent man ought under all the circumstances to have exercised. he cannot recover. even though the city was guilty of negligence.

4. The business occupation of the plaintiff is a proper element for consideration in computing

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the damages sustained by a personal injury; but the damages must be reasonable.

[This was an action at law by Josiah L. Lombard against the city of Chicago to recover damages for personal injuries caused by the negligence of defendant in leaving certain excavations unprotected.]

W. C. Goudy and D. W. Hazzard, for plaintiff.

D. D. Driscoll, for defendant.

DRUMMOND, District Judge (charging jury). A building had been constructed in Chicago on the corner of La Salle street and Couch alley. For the purpose of giving light to the basement, on the north side of the building, a small excavation had been made at each window, a few feet deep and a few feet wide. This had been left open for a long time. On the evening of the 9th of November, 1864, the plaintiff, in company with his brother, was proceeding through Couch Place when it was suggested by his brother that it was dark and muddy and that they had better turn back. In turning back, or immediately afterward, the plaintiff fell into one of these holes and suffered a very serious injury. The question is whether he is entitled to recover. The city is sued on the ground that it has been guilty of negligence in allowing these holes or areas to be thus left open, and that is the first question to be determined,—was the city guilty of negligence?

This is a mixed question of law and fact. It is conceded and proved that Couch Place was about twenty feet wide, and extended from Dearborn street to La Salle street; that the city exercised control over it as a public street. I do not think that it is material what we term it—whether Couch Place, or a street, or an alley. We know from the evidence what it is; that it is much narrower than the ordinary streets of the city, and that it is not, and cannot be, so much used as those streets; but, conceding that, it was subject to the control of the city, the city had exclusive care over it, and it was used for the passage of vehicles and of persons. It was then the duty of the city to have these holes properly guarded. The owner of the building constructed it by virtue of authority from the city, so far as he trenched on the alleys or streets, and it was the duty of the city to see that in the construction of the building there should nothing be done, and nothing so left, as in any considerable degree to impair the safety of the citizen; and it was the duty of the city to require on the part of the owner of this property that there should be some guards placed there as a security against possible accidents.

So that from what is conceded by the city, and what is proved beyond all doubt, the court is of opinion that the city has been guilty of negligence on its part in allowing these spaces to be left open in the way in

which they were. The law does not require anything impracticable or impossible in relation to alleys or streets. All that it requires is that the city should do what it can, with the exercise of the powers given to it, to render the passage of vehicles and of pedestrians reasonably safe and secure, and it cannot be pretended in this case but that it was in the power of the city to have these holes secured. I therefore think that the city was guilty of negligence in thus permitting these holes to be left open. I understand that is conceded by the counsel for the city.

Still it does not follow, although the city has been guilty of negligence, that the plaintiff can recover. It is necessary that the plaintiff should not have been guilty of any negligence which contributed to the accident or the injury, in order to entitle him to recover,—on this principle: that, where two parties or persons are guilty of a wrongful act, one of them who has contributed by his own wrongful act to the injury shall not come into a court of justice to recover for the injury. The question is whether the plaintiff was himself guilty of any negligence which contributed to this injury.

The night was dark, or darkness was coming on at the time of the accident; the streets were muddy, and there was no light in the alley. The proof shows that the city has not been in the habit of placing lights in these narrow passageways; at any rate, it had not placed public lamps in this passageway. I cannot say that if the accident happened in consequence of there being no lights in this alley, placed there by the city, the plaintiff is necessarily entitled to recover. I think he was bound to take the place as it existed at the time, as a narrow passage-way, made for the purpose for which it was constructed, and left open and in the condition in which it was at the time; and I understand that the counsel for the plaintiff substantially concede the truth of this proposition, that the same obligation did not rest on the city as to Couch Place as if it had been a more public street or thoroughfare.

It is difficult for us to precisely understand sometimes what is meant, when it is said that the plaintiff cannot recover in a court of justice if any negligence of his has contributed to the injury, where there is negligence on the part of the person against whom the action is brought; because it may be said, and is frequently said, that if the defendant had not been guilty of the negligence with which he stands charged the accident would not have happened. A man may go along a public street on the sidewalk in open day, and there may be an area left open for throwing in wood or for other purposes which may be lawful. It may be said that if the man should fall into that space he would not have fallen if it had not been left open, and yet it might be truly said in such a case, that in going along under the circumstances mentioned, he ought to keep his

eyes open and ought to see where he is going, and if he should under such circumstances step into the area and sustain an injury, that he could not maintain an action. The meaning of it is simply this, that although the defendant may be guilty of negligence, still the plaintiff might be guilty of an act which a prudent man ought under the circumstances to have avoided.

The question so far as this point is concerned is this: Was the conduct of the plaintiff, under the circumstances of the case, that of a prudent man? Did he exercise that degree of caution which a prudent man ought to have exercised? In order to determine this, it is proper to take into consideration the condition of the alley, the fact that it was unlighted, and that he had means of reaching his point of destination by a public highway, a lighted street. If you shall believe that he did act as a prudent man, then, the city having been guilty of negligence, he is entitled to recover. If you shall believe that he did not exercise that care and caution which a prudent man ought to have exercised, then, although the defendant has been guilty of negligence, he cannot recover. This is a question of fact for you to determine under the directions and suggestions of the court.

If you shall believe under the evidence that the plaintiff is entitled to recover, the question is as to the amount of damages which you will award to him. There is no dispute but that the plaintiff has sustained a very serious injury; the knee bone was broken, has never entirely reunited, and according to the testimony of medical gentlemen never will, and he will be lame for life or he will never have the use of the left leg in the same degree as he has of the right, so that it may be said that he has sustained a permanent injury. If I understand him rightly, however, this has not impaired his general health further than what arises in all cases of this kind from what may be supposed to be the loss of vital power which occurs in any case of permanent injury. It is proper for you to consider the nature of the injury and the pain that he has suffered, the time that he was confined and unable to attend to his ordinary business, and the amount he has expended to physicians, nurses, and others. All these are proper elements to be considered by you in coming to a conclusion as to what he is entitled to at your hands, if he is entitled to any compensation. The rule of law is compensation according to the measure which the law gives, which is in dollars and cents merely.

If the plaintiff at the time had been engaged in any particular business which in consequence of this injury he was prevented from pursuing, then I think it would be proper for the jury to take that fact into consideration. For example, take the case of a mechanic or a professional man. If he is prevented by the injury from following his

ordinary avocation, be it mechanical or otherwise, then I think it is a proper consideration to be regarded in estimating the damages that ought to be given.

I will conclude what I have to say with one single remark: A party who comes into court under the circumstances of this plaintiff comes asking pecuniary compensation for the injury which he has sustained. In one sense, if we let our feelings take the reins, it might be truly said that no pecuniary compensation could ever be given for the loss of a limb or for a permanent bodily injury. There are some men whom no pecuniary temptation could to induce to sustain such a loss,—perhaps the majority of men. We must deal with this matter in the light of reason and experience. We must look not only to the injury which one party has sustained, but to the ability of the other to respond for that injury. If you allow the idea to be entertained that no mere pecuniary compensation would be adequate for an injury of this kind, you will see at once that you might be led so far that individuals never could respond in damages for the verdict which might be rendered. The result would be that cases of this kind would be discouraged by the courts. We must, therefore, come to some reasonable conclusion in these cases, or else they cannot be permitted to stand. It is right and just that where a party has been guilty of negligence, and the other party who asks the compensation has been guilty of none which has contributed to the result, that the negligent party should respond in damages, but it should be reasonable damages. I make these remarks for the purpose of operating as a caution upon the jury. You must recollect that the court and jury sit together in these cases, and although it is a question of fact for the jury, still the facts are given to the jury under the direction of the court as to the law. The court always exercises a supervisory power, even over the finding of a jury upon the facts.

Verdict for plaintiff and damages assessed at $4,000.

NOTE. A person may use a usual city street crossing, though covered for a drain, if the inhabitants use it for a crossing, and if he is thereby injured from its unsafe condition, which the authorities were authorized to obviate but did not, the city is liable. City of Champaign v. Patterson, 50 Ill. 61. A town having a traveled track sufficiently wide and suitable for all purposes of travel, and in repair, is not liable for injuries in consequence of a defective footpath in the highway fifteen or twenty feet from the traveled track, which the town had never worked or repaired, though the public foot travel had passed over it for thirty years. Whitney v. Essex, 38 Vt. 270. Cities and towns are under no obligations to light their streets. Randall v. Eastern R. Co., 106 Mass. 276. With reference to the question of contributory negligence, see Brady v. Chicago [Case No. 1,796], and notes thereto. Consult Whart. Neg. § 973, and Shear. & R. Neg. §§ 360, 383, 384, 415. Consult, also, Requa v. City of Rochester, 45 N. Y. 129.