STATE *v.* HENRY SCHOOLCRAFT.

January Term, 1900.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed March 9, 1900.

*Practice in the Supreme Court—Abandoned and new points—*When the points made in the court below are abandoned, and points not there made are alone urged, there is nothing for the consideration of the Supreme Court.

INDICTMENT by virtue of V. S. 2703 and 2704. Those sections were not, however, in terms, referred to in the indictment. Heard on demurrer to the indictment, Washington County, September Term, 1899, *Watson,* J., presiding. The demurrer was overruled and the indictment adjudged sufficient. The re-

spondent excepted, but, without prejudice to his exception, pleaded guilty. Judgment rendered on plea, sentence passed, and mittimus issued.

The indictment set out, among other things, that at the September Term, 1896, of the Franklin County Court, the respondent's lawful wife, Delia, was granted a divorce from the respondent, and that afterwards on the 8th day of February, 1899, at the City of Barre in the County of Washington, while the said Delia was alive, and while the decree of divorce so granted was in force, the respondent was married to one Ann Suitor, and that thereafter, and until May 16th, 1899, and while the said Delia was alive, the respondent and the said Ann lived and cohabited together as man and wife in the Town of Barre in said County of Washington.

*Richard A. Hoar*, State's Attorney, for the State.

*Edward H. Deavitt* for the respondent.

MUNSON, J. In the court below the respondent claimed that the indictment was defective for the reason that "it did not particularly in terms refer to sections 2703 and 2704 of the Vermont Statutes," and for the further reason that it did not set forth that the decree of divorce remained in effect at the time of the cohabiting. These points are not now urged. The points which are urged were not made in the court below, and therefore cannot be considered.

*Judgment that there is no error in the proceedings and that the respondent take nothing by his exceptions.*