OLIVER H. JENNESS *v.* WALTER SIMPSON.

Special Term at St. Johnsbury, February, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 7, 1908.

*Pleading—Foreign Law—Requisite Statement of—Conclusions of Pleader—Special Demurrer—Points Not Shown to Have Been Made Below.*

Any pleading relying on a foreign law must specifically set it forth, that the court may judge of its effect.

A foreign law properly pleaded as a fact presents a question of law as to its legal effect; hence where without setting forth such law, the pleader avers only its legal effect, a special demurrer properly characterized the defect as a "conclusion of law."

In reviewing judgment on special demurrer, only those defects in the challenged pleading will be considered that the record shows were passed upon below.

CASE for alienating the affections of plaintiff's wife. Pleas, the general issue and two special pleas in bar. Heard on special demurrer to the first special plea, at the June Term, 1907, Caledonia County, *Miles,* J., presiding. Demurrer overruled, and plea adjudged sufficient. The defendant excepted.

The plea in question relied upon a written contract made at Sioux Falls in the State of South Dakota on September 24, 1906, between the plaintiff and his wife, in which plaintiff, for the consideration therein expressed, acknowledged full satisfaction "of any and all differences in law or equity existing between him" and his wife and the defendant; and wherein the plaintiff agreed that "this contract is made with the express understanding that no steps shall be taken in law or in equity in any form against" his wife or the defendant.

The second cause of demurrer assigned was: "That the language in said plea: 'That it was then and there the law of said state that the force and effect of said contract was and is to deprive this plaintiff, the said Oliver H. Jenness, of all right of action against this defendant in respect of the matters and things alleged in the declaration in this case,' is a conclusion of law." The demurrer specified only two defects, and the record did not show that any other defects were relied upon below.

*E. A. Cook, J. W. Redmond,* and *W. W. Reirden* for the defendant.

The record shows only two objections passed upon by the court below, and plaintiff will here be confined to the objections made and ruled upon below. *Vilas* v. *Downer,* 21 Vt. 419; *Walton* v. *Walton's Est.,* 63 Vt. 513; *Manning* v. *Leighton,* 66 Vt. 56; *Barrette* v. *Laurier,* 69 Vt. 509; *Parker* v. *McKannon Bros.*

*& Co.,* 76 Vt. 96; *State* v. *Sargood,* 80 Vt. 412; *State* v. *School-craft,* 72 Vt. 222.

The defect pointed out is that the allegations in respect of the foreign law are "conclusions of law," and plaintiff should be here confined to that characterization. The allegations in question, if conclusions are conclusions of *fact* and not of law, for the foreign law is a fact to be pleaded and proved like any other fact. *Morrisette* v. *R. R. Co.,* 74 Vt. 232.

The foreign law relied upon is set out with sufficient definiteness. *Barney* v. *Drexel,* 33 Hun. (N. Y.) 34; *Consolidated Tank Line Co.* v. *Collier,* 148 Ill. 259.

*Harland B. Howe,* and *Herbert W. Hovey* for the plaintiff.

The questioned allegations are not averments of fact but merely the conclusions of the pleader, and bad on demurrer. *Herring* v. *Selding,* 2 Aik. 12; *Peck* v. *Hibbard,* 26 Vt. 698; *McLeod* v. *R. R. Co.,* 58 Vt. 727; *Walker* v. *Maxwell,* 1 Mass. 104; *Hemstead* v. *Reed,* 6 Conn. 480; *Dainese* v. *Hale,* 91 U. S. 13; *Monroe* v. *Douglas,* 5 N. Y. 451; *Roots* v. *Merriwether,* 8 Brush (Ky.) 397; *Greenwade* v. *Greenwade,* 3 Dana (Ky.) 495; *Jones* v. *Tennessee Bank,* 8 B. Mon. 122; *Collett* v. *Keith,* 2 East 260; *Holmes* v. *Broughton,* 10 Wend. (N. Y.) 75.

WATSON, J. The demurrer is special, assigning two causes: First, "That the language in said plea: 'And the defendant avers that on September 24th, 1906, for a long time previous thereto, ever since and now, it was and is the law of said State of South Dakota that a husband and his wife may legally contract with each other in the manner set forth in said contract' is a conclusion of law." The second assignment, like the first, points to the allegation of the effect of the law of that State, and is with the same degree of particularity.

It is said that since the law of another state is regarded and treated in pleading as a matter of fact to be alleged and proved like any other fact, the conclusion of the pleader respecting it is one of fact and not "a conclusion of law" as stated in the assignments, and it being a matter of form the demurrant should be held strictly to the objection made. But without considering whether the defect is one of form merely, we think the

demurrant's characterization is not an erroneous one. When the law of a sister state is properly set forth in the pleading as a fact, then a question of law arises thereon as to the legal effect. Here without setting forth the law, the pleader makes an averment of his conclusion of the legal effect, which is a conclusion of law. *Kinnier* v. *Kinnier,* 45 N. Y. 535. See also *McLeod* v. *The Conn. & Pass. R. R. R. Co.,* 58 Vt. 727, 6 Atl. 648.

It is a rule of pleading established beyond question that so much of the law of another state, or foreign country, as is material to the case must be set forth by the party complaining or defending under it, that the court may judge of its effect. Since the second plea is not a compliance with this rule it is insufficient. *Herring* v. *Selding,* 2 Aik. 12; *Peck* v. *Hibbard,* 26 Vt. 698; *McLeod* v. *The Conn. & Pass. R. R. R. Co.,* cited above.

The plaintiff further contends that this plea is defective in that it professes to answer the whole declaration, whereas it does not answer the trespasses and grievances committed after the date of the alleged release. But this question does not appear of record to have been raised or passed upon below; and since this Court sits only in error, the question is not here.

*Judgment reversed, demurrer to the second plea sustained, the second plea adjudged insufficient, and cause remanded.*