CUSHMAN & RANKIN COMPANY *v.* BOSTON & MAINE RAILROAD.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 6, 1909.

*General Demurrer—Scope in Supreme Court—Railroads—Fires —Insurer of Destroyed Property—Damages—Deduction for Insurance Paid—Relative Rights of Insured and Insurer— Pleading—Replication—Departure.*

Where a demurrer is general, and the record does not show the particular points raised and passed upon below, this Court will hear any question presented that is within reach of the demurrer.

A fire insurance policy is a contract of indemnity and, to the extent that the insurer has been obliged to pay the insured for loss

caused by a wrongdoer, the insurer is subrogated to the rights of the insured against the wrongdoer by equitable assignment and may recover from the latter in a suit in the name of the former.

Where the owner of buildings destroyed by fire from a railroad locomotive executed a release to the railroad company, which then knew that the owner had received insurance thereon, the release is no bar to a suit against the railroad company by the insured to recover the amount of such insurance.

In an action by an insured for loss caused by fire wrongfully set, no deduction in damages will be made on account of insurance paid the insured, but when compensation is received on recovery, the insured is trustee for the insurer to the extent of the insurance so paid; so that where, after payment by the insurer, it sues the wrongdoer in the name of the insured, the wrongdoer must generally respond for the full damages caused by his wrongful act, and, if only part of the loss has been paid by the insurer, the insured is entitled to the residue, but, as to the division between them, the wrongdoer has no concern; the right of recovery in the name of the insured for the benefit of the insurer not depending on any allegations in the declaration other than those requisite to a recovery by the insured for his own benefit.

In an action by the owner of buildings destroyed by fire from a locomotive, brought for the benefit of an insurer that had paid the loss, where defendant pleaded in bar a release from the owner, a replication that, after the fire and before the execution of the release, the insurer had been forced to pay the insurance, and thereupon became subrogated to that extent to the owner's right of recovery for the loss, of which defendant had knowledge at the time of the execution of the release, and that the suit was brought for the insurer's benefit to recover the amount of such payment, did not constitute a departure, since the rights of the insurer could not be defeated by any transaction between defendant and the owner after defendant had notice of the true state of the case.

CASE for negligence. Pleas, the general issue and a special plea relying on a release under seal from the plaintiff to the defendant. Heard on demurrer to the replication at the December Term, 1908, Caledonia County, *Taylor*, J., presiding. Demurrer overruled, and replication adjudged sufficient. The defendant excepted. The opinion states the case.

*Young & Young* for the defendant.

The replication is a departure from the declaration and at variance with it. This defect in pleading is reached by a general demurrer. 1 Chitty, 643-648 (13th Am. Ed.); Gould's Pl. 422-426 (4th Ed. 1861); *Joslyn* v. *Taylor*, 33 Vt. 470; *Watson* v. *Joslyn*, 29 Vt. 455; *Bradley* v. *Johnson*, 45 N. J. L. 487; *Hanover Fire Ins. Co.* v. *Brown*, 74 Md. 64 (39 Am. St. Rep. 386); *Moore* v. *Stevens*, 42 N. H. 404; *Benjamin* v. *DeGroot*, 1 Den. (N. Y.) 151; *Sibley* v. *Brown*, 4 Pick. (Mass.) 137; *Wilson* v. *Johnson*, 29 Atl. 419; *Dawes* v. *Winship et al.*, 16 Mass. 291; *Stearns* v. *Patterson*, 14 Johns. (N. Y.) 132; *Keay* v. *Goodwin*, 16 Mass. 1; *Andrus* v. *Waring et al.*, 20 Johns. (N. Y.) 153.

The negligence complained of gave rise to only one cause of action. Damages resulting from one and the same cause of action must all be assessed and recovered in a single action. 1 Enc. of Pl. and Pr. 159; *Morey* v. *King Co.*, 51 Vt. 383; *Baird* v. *U. S.*, 96 U. S. 430; *Trask* v. *Railroad Co.*, 2 Allen 331; Hermann on Estoppel, §77; *Secor* v. *Sturgis*, 16 N. Y. 548; *Folsom* v. *Clemence*, 119 Mass. 473; *Warren* v. *Cummings*, 6 Cush. 103; *Marble* v. *Keyes*, 9 Gray 221; *Bennett* v. *Hood*, 1 Allen 47; *Knowlton* v. *Ry. Co.*, 147 Mass. 606; *Bendernagle* v. *Cocks*, 19 Wend. 207; *Smith* v. *Jones*, 15 Johns. 229; *Cleavelands* v. *Grand Trunk Ry. Co.*, 42 Vt. 449; *Home Mutual Ins. Co.* v. *Oregon &c. Nav. Co.*, 20 Ore. 569, 23 Am. St. Rep. 151; *Fireman's Fund Ins. Co.* v. *Oregon &c. Nav. Co.*, 67 L. R. A. 164; *Norwich &c. Ins. Co.* v. *Standard Oil Co.*, 59 Fed. 984.

The release under seal is a bar to this suit, as effectual as a judgment. 24 Am. & Eng. Enc. of Law, 315; *Chicago etc. Ry. Co.* v. *Wilcox*, 116 Fed. 193; *Perkins* v. *Fourniquet et ux.* 14 How. 314; *Phalen* v. *New York*, 119 N. Y. 86; *Simson* v. *Brown*, 68 N. Y. 355; *Dufur* v. *Boston & Maine R. R. Co.*, 75 Vt. 165.

The insurer takes nothing by subrogation but the rights of the insured, and that only by virtue of subrogation, and his interest is limited to the amount actually paid. 27 Am. & Eng. Enc. of Law, 261 b; *The Livingstone*, 130 Fed. 746; *St. Louis etc. Ry. Co.* v. *Ins. Co.*, 139 U. S. 223; *Memphis etc. Railway Co.* v. *Dow*, 120 U. S. 287; *Wager* v. *Ins. Co.*, 150 U. S. 99; *Leavitt* v. *C. P. Ry. Co.*, 90 Me. 153; *Mobile etc. Co.* v. *Jurey*, 111 U. S. 584.

The insurance company, which the replication reveals as the real and sole party in interest in this suit, has no right in its own name or in the name of the assured to recover more than its proportion of the loss caused by the tortious act of this defendant. *Continental Ins. Co.* v. *Loud & Sons Co.*, 93 Mich. 139, 32 Am. St. Rep. 494; *Swarthout* v. *Chicago, etc. Ry. Co.*, 49 Wis. 625, 6 N. W. 314; *Wheeler Savings Bank* v. *Tracey*, 141 Mo. 252, 64 Am. St. Rep. 505; *Farrington & Smith* v. *Paine*, 15 Johns. 432; *Branneburg* v. *Railroad Co.*, 13 Ind. 103, 74 Am. Dec. 250.

*Howe & Hovey* for the plaintiff.

The insurer upon payment to the insured of the amount of its policies, became subrogated to the extent of said payments, to the remedy of the insured against the defendant railroad company for the loss. *Harding* v. *Townshend*, 43 Vt. 536; *Hart* v. *Western R. R. Corp.*, 13 Metc. 99, 46 Am. Dec. 719; *Clark* v. *Wilson*, 103 Mass. 219; *Monmouth Mut. Ins. Co.* v. *Hutchinson*, 21 N. J. Eq. 107; *Conn. Fire Ins. Co.* v. *Erie Ry. Co.*, 73 N. Y. 399; *Lumberman's Mut. Ins. Co.* v. *Kansas City etc. R. R. Co.*, 149 Mo. 165; *Brighthope Ry. Co.* v. *Rogers*, 76 Va. 443; *Garrison* v. *Memphis Ins. Co.*, 19 How. 312; *Mason* v. *Sainsbury*, 3 Doug. 61.    This suit was properly brought in the name of the insured. The right of action was vested in the latter before payment by the insurance company. All cases holding that suit may be maintained in the name of the insurance company are decided under those reformed codes of procedure which permit any action to be brought in name of the real party in interest. *Rockingham Mut. Fire Ins. Co.* v. *Bosher*, 39 Me. 253; *Conn. Mut. Life Ins. Co.* v. *N. Y. & N. H. R. R. Co.*, 25 Conn. 265; *London Assurance* v. *Sainsbury*, 3 Doug. 245; *Railway Co.* v. *Manchester Mills*, 88 Tenn. 653; *Hall* v. *Railroad Co.*, 13 Wall. 367; *St. Louis Ry. Co.* v. *Commercial Union Ins. Co.*, 139 U. S. 223.

The release executed by the nominal plaintiff is no bar to this action. By accepting the insurance money the plaintiff assigned to the insurance company to the extent of such payment its right of recovery against the defendant. It is in the nature of an equitable assignment which authorizes the assignee to sue in the name of the assignor, for its own benefit, and this a

court of law will protect and will not allow the assignor to defeat it by a release. It is alleged in the replications that the defendant had notice and knowledge of the assignment before the execution of the pretended release and before the time of payment mentioned in the pleas. The defendant is a party to the fraud. *Payne* v. *Rogers,* 1 Doug. 407; *Phillips* v. *Clagett,* 11 Mees. and Welsb. 84; *Timan* v. *Leland,* 6 Hill 239; *Home Ins. Co.* v. *Western Trans. Co.,* 33 How. Pr. 102; *C. B. & Q. R. R.* v. *Emmons,* 42 Ill. App. 138; *Hartford Fire Ins. Co.* v. *Wabash Ry. Co.,* 74 Mo. App. 106.

The question of departure is not before the court. *Jenness* v. *Simpson,* 81 Vt. 109. The replication is not a departure from the declaration. *Carpenter* v. *McClure,* 38 Vt. 375; *Conklin* v. *Botsford,* 36 Conn. 105; *Prince* v. *Brunatte,* 1 Bing. N. C. 435; *Leg* v. *Evans,* 6 M. & W. 36; *McFadden* v. *Schroeder,* 4 Ind. App. 305. A test of departure in a replication is whether evidence of facts alleged in the replication could be received under the allegations of the declaration. 6 Enc. of Pl. & Pr. 462.

WATSON, J. The exceptions do not show the particular objections made below and there passed upon, by reason whereof it is urged that there are no questions before this Court, referring to *Jenness* v. *Simpson,* 81 Vt. 109, 69 Atl. 646. In *State* v. *Schoolcraft,* 72 Vt. 223, 47 Atl. 786, the exceptions stated the respects in which it was claimed in the court below the defects existed. In this Court those points were not presented in argument, but new ones not before raised were urged. It was held that the new points could not be considered. In *Jenness* v. *Simpson,* the demurrer was special assigning two causes. The exceptions did not show that any other ground was relied upon below. In this Court the demurrant undertook to take advantage of a third claimed defect reachable by the demurrer as general in form. It was considered that the assignments in the demurrer showed the questions raised below, nothing appearing otherwise in the exceptions, and it was held that as the record did not show the third claimed defect to have been there raised and passed upon it was not before us. When the demurrer is general and the exceptions do not show the particular point or points raised below, the general practice in this Court has been to hear any question presented, within reach of the demurrer.

This is an action on the case to recover for loss sustained by the destruction of the plaintiff's buildings and contents by fire alleged to have originated by fire communicated by defendants' locomotive engines.  Pleas, the general issue, and special that after the cause of action accrued and before the commencement of this suit the defendant received of the plaintiff a release executed by him under seal, releasing and discharging it from all liability for loss, etc., sustained by him on account of or in consequence of the destruction of his said property.  In reply it is said that before and at the time of the fire the said buildings, etc., and leather board stock, in the declaration mentioned were insured to the plaintiff against all direct loss or damage by fire (except as in the policies stated), by two contracts of insurance, one on the buildings, etc., and the other on the leather board stock, by the Union Mutual Fire Insurance Company, a corporation organized and doing business under the laws of this State, and that after said fire and before the execution of the release pleaded, the said insurance company was forced and obliged to and did necessarily pay to the plaintiff the sum of fifteen hundred dollars in satisfaction of its liability under said contracts of insurance by reason of the plaintiff's loss caused by said fire, and that the said insurance company, upon making said payment, to the extent thereof became subrogated to all right of recovery by the plaintiff for the loss aforesaid, of all which the defendant had knowledge at and before the time of the execution of said release; that the insurance company has never received any payment or compensation for its loss occasioned as aforesaid, and this suit is instituted by it and for its benefit, for the purpose of recovering the amount of its said payment.  The case is here on the question of the sufficiency of the replication.

It is urged that the owners of the property destroyed and the insurance company were jointly interested in the cause of action against the defendant and both should be parties to the suit.  But we think it clear that the action is properly brought. On the record the defendant is the wrongdoer, and is primarily liable for the damages.  The fire policies are contracts of indemnity, and to the extent that the insurer was obliged to pay on account of the loss, it was put in the place of the insured and may recover of the defendant in the name of the insured.  The right of the insurer against the defendant does not rest upon any

relation of contract or privity between them.    The legal title is in the plaintiff and though after payment the insurer had the right to bring suit in the plaintiff's name, its rights are to be worked out through the cause of action which the plaintiff has against the defendant, and can be enforced in his rights only. In *Mason* v. *Sainsbury,* 3 Doug. 60, 26 E. C. L. 50, the action was on the Riot Act to recover damages sustained by the demolition of a house in the riots of 1780.    The loss had been paid by the insurers, for whose benefit the action was brought in the name of the insured by his consent.    The defendant said it was impossible that a plaintiff could recover in respect of that for which he had already received a satisfaction.    Lord Mansfield said: "The question, then, comes to this, Can the owner, having insured, sue the Hundred?    Who is first liable?    If the Hundred, it makes no difference; if the insurer, then it is a satisfaction, and the Hundred is not liable.    But the contrary is evident from the nature of the contract of insurance.    It is an indemnity. Every day the insurer is put in the place of the insured.    In every abandonment it is so.    The insurer uses the name of the insured."    In *St. Louis, I. M. & S. R. Co.* v. *Commercial Union Ins. Co.,* 139 U. S. 223, 35 L. ed. 154, 11 Sup. Ct. 554, it is said that the right of the insurer "arises out of the nature of the contract of insurance as a contract of indemnity, and is derived from the assured alone, and can be enforced in his right only. By the strict rules of the common law, it must be asserted in the name of the assured; in a court of equity or of admiralty, or under some state codes, it may be asserted by the insurer in his own name; but in any form of remedy the insurer can take nothing by subrogation but the rights of the assured."    *Rockingham Mut. Fire Ins. Co.* v. *Bosher,* 39 Me. 253, 63 Am. Dec. 618; *Home Mut Ins. Co.* v. *Oregon Ry & N. Co.,* 20 Ore. 569, 26 Pac. 857, 23 Am. St. Rep. 151.

Nor is the release pleaded a bar to this suit.    The replication shows that before and at the time of the execution thereof the defendant had knowledge that the plaintiff had received the amount of the insurance from the insurance company.    The acceptance of payment by the plaintiff from the insurer constituted an equitable assignment to that extent, which authorized the latter to sue in the name of the insured for his own benefit. This right a court of law will protect, and the release subse-

quently given by the insured to the defendant having knowledge of such payment is not a bar to this action. *Payne* v. *Rogers*, 1 Doug. 407; *Hart* v. *Western R. R. Corp.*, 13 Met. 99, 46 Am. Dec. 719; *Conn. Fire Ins. Co.* v. *Erie Ry. Co.*, 73 N. Y. 399, 29 Am. Rep. 171; *Monmouth Mut. Ins. Co.* v. *Hutchinson*, 21 N. J. Eq. 107.

It is further contended that the replication departs from the declaration. In actions brought by the insured to recover damages for loss of property destroyed by fire so originating no deduction in damages will be made on account of insurance having been paid to the owner. *Mason* v. *Sainsbury*, cited above; *Clark* v. *Hundred of Blything*, 2 Barn. & C. 254, 9 E. C. L. 77; *Yates* v. *Whyte*, 4 Bing. N. S. 272, 33 E. C. L. 349; *Harding* v. *Townshend*, 43 Vt. 536, 5 Am. Rep. 304. But when compensation is received on recovery the insured stands as trustee for the insurer to the extent of the part of the loss paid by it. *Randall* v. *Cockran*, 1 Ves. 98. When after payment by the insurer suit is brought by it in the name of the insured, generally the wrong-doer must respond in such action for the full damages caused by its negligence, and if only part of the loss has been paid by the insurer the insured is entitled to the residue, but as to the division between them, the wrongdoer has no concern. *Mobile, etc. R. Co.* v. *Jurey*, 111 U. S. 584, 28 L. ed. 527, 4 Sup. Ct. 566. Thus it is seen that the right of recovery in the name of the insured for the benefit of the insurer does not depend upon allegations in the declaration other than or different from those necessary for a recovery by the owner of the property and for his own benefit. In the case before us a release from the insured being pleaded in bar, facts are replied which in law show that notwithstanding such release a recovery may be had for the benefit of the insurer to the extent of its right under the equitable assignment. In *Winch* v. *Keeley*, 1 T. R. 618, the action was *indebitatus assumpsit*, plea that after the day of making the promises, etc., the plaintiff became a bankrupt, etc., and that his commissioners assigned his effects to the assignees, by virtue of which defendant is chargable to pay the sums of money mentioned to the assignees. The plaintiff replied that before he became a bankrupt, in consideration of the matters and things set forth, he bargained, sold, assigned and transferred the demand in question to one Joseph Searle, and that the writ in suit

was sued out in his name for and on behalf of said Searle. On demurrer the replication was held sufficient. This case is referred to with approval in *Strong* v. *Strong,* 2 Aik. 373; also in *Day* v. *Abbott,* 15 Vt. 632, wherein it is said that when the interest of the assignee cannot be given in evidence under the general issue, and can be protected in no way except by a replication setting forth the transfer and assignment, such replication is good. In *Timan* v. *Leland,* 6 Hill 237, it is said that the rights of persons beneficially interested in the demand, who necessarily sue in the name of another, cannot be defeated by any transaction between the defendant and the nominal plaintiff, after the former has notice of the true state of the case; and if the defendant pleads a release or other matter of defence, the plaintiff replies, setting up the assignment and notice, or such other answer to the plea as the nature of the case may require. By reason of the defendant's pleas the new facts replied become material. They do not depart from the declaration, but consist with and support it. *Carpenter* v. *McClure,* 38 Vt. 275; *Long* v. *Jackson,* 2 Wils. 8; *Hallett* v. *Slidell,* 11 Johns. 56; *Fowler* v. *Macomb,* 2 Root 388; *Brock* v. *Blanchard,* 22 N. H. 303.

*Judgment affirmed and cause remanded.*