(Decided July 29th, 1859.)

---

## Jno. B. Thomas, use of Wm. H. Emory, *vs.* Wm Malster, Jno. T. Salisbury and Jno. C. Cooper.

In an action of debt a judgment by confession was entered "for *penalty* and *costs*, to be released on payment of *principal*, *interest* and *costs*," but neither the original bond, nor a copy of it, was filed in the case. At a subsequent term, at the instance of the plaintiff, a rule was laid upon the defendant to show cause why the judgment should not be made *complete*, and taken as a judgment *nunc pro tunc*. This rule the court, after argument, *discharged*. The plaintiff then ordered *execution* upon the judgment, having first filed with the clerk what purported to be a copy of the bond, and directed a *remittitur* of the judgment on payment of the *principal* and *interest* therein stated. Upon appeal from an order *quashing* the *execution* so issued. Held:

That the execution was properly quashed, the same matter, in a different form, having been *passed upon by* the court on *discharging* the rule to *show cause*, and that decision, whether right or wrong, is conclusive upon the parties; the plaintiff's remedy was by an appeal from that decision.

APPEAL from the Circuit Court for Caroline County.

This appeal is from an order quashing an execution. The facts of the case are as follows: On the 8th of March 1841,

the appellant brought an action of *debt* for $2000, on a bond, in Caroline county court, against the appellees. The plaintiff afterwards filed a general declaration, but not the bond or a copy of it, and the declaration did not set forth the condition of the bond. At the October term 1841, of that court, a judgment by confession was entered *"for penalty and costs, to be released on the payment of principal, interest and costs."* From the statement of counsel, submitted as evidence, it appears that the judgment was thus entered because the bond was not in court, from which to complete the entry in proper form. There is a difference as to the recollection of the respective counsel, as to the condition on which it was agreed that the judgment should be thus entered, one saying that he assented upon condition that the bond should be afterwards filed, and the other thinking that no such condition was required of him, but that he voluntarily said he would file it, or perhaps that he would file a copy if he could not find the original, but as to this last remark he is not confident. At October term 1842, at the instance of the plaintiff, a *rule* was laid on the defendants *"to show cause why the judgment should not be made complete, and why it should not be taken as a judgment nunc pro tunc."* On showing cause the statements of the respective counsel were heard by the court, and at its March term 1844, the court *discharged the rule.* After the rule had been thus discharged, and at the same term, there was filed with the clerk, by the plaintiff's counsel, a paper purporting to be a copy of the bond, according to which the bond bears date the 20th of December 1831, and is in the penalty of $2000, conditioned for the payment of $500 in October 1840, and $500 in April 1841, with interest on each sum from date. At the same time with the filing of this paper, the plaintiff's counsel ordered a *fi. fa.* to be issued on the judgment, and directed the clerk to enter a *remittitur* thereof "on payment of $1000, with interest from the 20th of December 1839, till paid, and costs," and the same was endorsed on the *fi. fa.*, which was issued by the clerk in accordance with this order and direction, and was levied by the sheriff. The defendants thereupon filed a bill, on the equity side of Caroline county court,

for an injunction to stay proceedings on the *fi. fa.* The injunction was issued accordingly, and after answer filed the case was transferred to the high court of chancery, where testimony was taken, and the case being submitted on motion to dissolve, the chancellor, (JOHNSON,) on the 1st of February 1854, passed an order dissolving the injunction. In his opinion accompanying this order, the chancellor says:

"It seems to me that the equity of the case is manifestly with the defendants, there being no intimation, in the bill or proceedings, that the amount claimed to be recovered upon the judgment is not due, the objections relating entirely to irregularities, real or supposed, in the mode in which it was entered up. The rule laid in Caroline county court, in October 1842, on the defendants at law, requiring them to show cause why the judgment of October term 1841, should not be taken as a judgment *nunc pro tunc*, was, as appears by a copy of the docket entries, discharged at March term 1844, when a copy of the bond sued on was filed, and an order for an execution given by the plaintiff's attorney; and this is strongly urged as a ground for equitable relief. I am of opinion, however, that this circumstance does not give the defendants, at law, a title to the relief of this court. If no execution can rightfully issue upon the judgment, because it was to be released upon the payment of no certain sum, or for any other irregularity which the county court has refused to correct, or permit to be corrected, that court, upon motion, is quite competent to furnish the proper remedy. Chancery, as was said by the Court of Appeals, in *Fowler vs. Lee*, 10 *G. & J.*, 538, does not lightly interfere with judgments at law. 'It interposes only to prevent fraud, or to relieve against substantial injury or gross injustice, and never merely for the correction of informalities or irregularities in legal proceedings. These, when they occur, must be left to the courts of law, which can and will, when required, afford the party aggrieved full and substantial relief.' In my judgment, there being nothing in this case calling for the extraordinary power of a court of equity, to interfere by way of injunction, must be dissolved."

After the dissolution of the injunction, a *vendi exponas*, by

way of execution on the judgment, was issued out of the Circuit court for Caroline county, on the 5th of September 1854, upon the return of which the defendants moved to quash it:

1st. Because the judgment is not such a judgment on which execution could legally issue.

2nd. Because the plaintiff, by his counsel, attempted to complete the judgment by filing a paper in the cause without the consent of the defendants, or either of them, or their counsel, and contrary to the express judgment of this court, as will appear by the records of said court.

3rd. Because the plaintiff has instituted in said court another action to recover of the defendants a like sum of money founded on the same cause of action, and the execution in this case should be quashed unless he discontinues the latter suit.

This motion the court (JAMES A. PEARCE, Special Judge) sustained and quashed the execution, and from this decision the plaintiff appealed.

The ground upon which the motion was sustained by the court below was, that this judgment for "the penalty and costs, to be released on payment of principal, interest and costs," is not, under the decision in *Clark vs. Digges,* 5 *Gill,* 109, a judgment on which execution could properly issue, and the effect of the court's decision, *discharging the rule* to show cause why it should not be completed, was to leave the judgment in the same condition of imperfection in which it originally stood, and the plaintiff could not complete it in the way in which he attempted, by ordering the *remittitur* to be entered.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*D. C. H. Emory* for the appellant:

At October term 1842, a rule was laid on the defendants to show cause why the judgment should not be made complete, and why it should not be taken as a judgment *nunc pro tunc.* This rule was discharged at March term 1844, leaving the case as it stood before the rule was laid. For this action of

the court no reason is assigned. But I defy any reason to be given for such action, except that the judgment was complete, and, in the language of the case of *Turner vs. Plowden,* 5. *G. & J.,* 52, *"no further action of the court was necessary."* Let the rule be considered and the statements of both counsel examined, and it is impossible to conceive of any other ground upon which the action of the court could be based. The case of *Turner vs. Plowden* explains the court's discharge of the rule and the ground upon which it was based. The judgment in that case was rendered for the damages laid in the *nar.* and costs of the suit, to be released on payment of such sum as E. J. Millard shall say is due, and costs. The court said it was final, "and to make it absolute, as far as regarded the amount due on the accounts, no further action of the court was necessary." The filing of E. J. Millard's certificate thereof was all that was required for that purpose. So, in this case, the application of the plaintiff was nugatory. The judgment was perfect and complete. No further action of the court was necessary. It was only requisite to render the principal and interest certain by the original bond, or a copy, or in some other way, without any action of the court, which the plaintiff did by a copy of this bond. Hence it was that, on the discharge of this rule, the copy of the bond was filed, and the execution issued. The plantiff's counsel never doubted the completeness of the judgment, but laid the rule *ex abundanti cautela.* But suppose he did, that would not affect its completeness; neither would the opinion of Caroline county court. To decide that question this court is now called on. As I have said, the only reason that I can conceive for discharging the rule, was, that the court considered the judgment complete as it stood, and that no further action of the court was necessary. But if it were otherwise, and that court refused, for any reason, to complete it, such opinion and such refusal would not prevent this court from overruling the motion, if it should be of opinion the execution properly issued.

*M. Brown* for the appellees:

It appears in the argument of the rule to show cause, that

Thomas, use of Emory, *vs.* Malster, *et al.*

an agreement had been entered into between the attorneys for the plaintiff and the defendants, as to the mode by which the defect in the judgment should be cured. As it was not entered of record, the court heard the statements on both sides. The result was, (and it seems to have been a matter of grave deliberation,) that the rule to show cause was discharged either because the statements differed so widely that the court could not be certified what the agreement was, or, if so certified, that it showed a different mode of completing the judgment from that insisted on by the plaintiff's attorney. Can it be supposed that the county court deliberated on the argument of the rule to show cause, from October term 1842, to March term 1844, and then gravely determined they would withhold their assent from the plaintiff in a certain particular, because he might have done it *ex mero motu?* As no reason is assigned of record by the county court, the conclusion of the plaintiff's attorney is merely inferential. My own inference as to the intention of the county court, and the effect of their decision, is exactly the reverse. Now, if the discharge of the rule was tantamount to a refusal to allow the plaintiff's attorney to amend as proposed, and afterwards adopted, it is easy to see that he has got himself in a position in which he cannot justify his execution. For whether the decision of the county court, discharging the rule, was well or ill, it stands for law until it is reversed on appeal in the very case, and whether right or wrong, it is not the subject of review at this time.

*Note.*—The argument on other points, on both sides, is omitted.

Tuck, J., delivered the opinion of this court.

In expressing our concurrence with the ruling of the court below, we do so on the single ground that the subject-matter, in a different form, was passed upon by the court on discharging the rule laid at the instance of the plaintiff on the defendants, to show cause why the judgment should not be made complete, and taken as a judgment, *"nunc pro tunc,"* it being well settled that when a matter has been once decided by a court of competent jurisdiction, it is final as between the par-

ties.   We express no opinion on the correctness of that decision, for whether right or wrong, the parties are concluded, the remedy being by an appeal if the party conceived himself aggrieved.   *Beall vs. Brown's Adm'r,* 12 *Md. Rep.,* 550.

*Judgment affirmed.*

(Decided July 29th, 1859.)