# GOOTEE CHRISTOPHER

## *vs.*

# ALBERT W. SISK.

*Court of Appeals: records of—; judicial notice. Res adjudi-*
*cata. Justices of the peace: titles to land; jurisdiction;*
*ousting of—; section 5 of Article 53 of the Code.*

The Court of Appeals takes judicial notice of all papers prop-
erly filed in that court.                                    p. 50

An existing final judgment or decree rendered upon the mer-
its, without fraud or collusion by a court of competent jurisdic-
tion, upon matters within its jurisdiction, is conclusive of all
the rights of the parties and their privies in all other actions or
suits in the same or any other judicial tribunal of concurrent
jurisdiction on the points or matters in issue in the first suit.
                                                        pp. 50-51

The method of ousting the jurisdiction of justices of the
peace in the case of questions involving title to real estate is
given by section 5 of Article 53 of the Code.                p. 51

*Decided June 19th, 1918.*

Appeal from the Circuit Court for Caroline County.
(ADKINS and HOPPER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE,
JJ.

*T. Alan Goldsborough,* for the appellant.

*Henry R. Lewis* (with *Charles B. Harrison* and *Lewis &
Knotts* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee in this case instituted proceedings before a
justice of the peace, under authority of Article 53 of the
Code, for restitution of the possession of real estate. The
appellant at the hearing before the justice of the peace, at-
tempted to raise the question of the jurisdiction of the jus-
tice to hear the case, for the reason that title to land was
involved. Judgment of restitution of the premises to the
appellee was entered and an appeal therefrom was taken to
the Circuit Court. On appeal before that Court, the appel-
lant again raised the same question of jurisdiction by filing
a motion to quash the proceedings. The motion was over-
ruled and the judgment affirmed. From that judgment this
appeal was prosecuted.

The testimony introduced in this case on the motion to
quash, was that offered at a former trial between the same
parties and about the same subject-matter, and was certified
by the lower Court as follows:

"We, Judges of the Circuit Court for Caroline
County, hereby certify that all questions involved in
this case were, by us, decided in favor of the appellee.
We further certify that the appellant (who claimed
that the title of land was involved, depriving the justice
of the peace of jurisdiction, that being the only juris-
dictional question raised) agreed that if the justice of
the peace had jurisdiction his judgment should be
affirmed. We further certify that the aforegoing testi-
mony is that offered at the trial of the motion to quash
in this case.

It is a transcript of testimony taken in No. 1711
Chancery, in the Circuit Court for Caroline County,
and it was agreed between counsel that the said testi-

mony should be the testimony in the case at bar, it being understood that the testimony was objected to, the court's rulings excepted to, and the testimony admitted subject to exception, just as appears in the testimony taken in the Chancery case; and further understood that the appellant's exceptions were finally overruled, just as they were in the Chancery case. We do not endorse the interpretation put upon the court's opinion in the Chancery case by the appellant in his affidavit filed with the justice of the peace.

As witness our hands and seals this 14th day of January, 1918.

W. H. Adkins.    (Seal)

Philemon B. Hopper.    (Seal)

Associate Judges of the Circuit Court

Caroline County."

It appears that the decree in No. 1711 Chancery, in the Circuit Court for Caroline County, mentioned in the above certificate, was appealed from, and the record transmitted to this Court was No. 20 on the April Term, 1916, Docket, but, before argument, was dismissed by order of the appellant. The record in that appeal is now on file among the papers of this Court and is now before us. We will briefly refer to it as, of course, we take judicial notice of all papers properly filed in our own Court.

It is disclosed by it, that the appellant herein filed his bill of complaint for the specific performance of an alleged contract of sale entered into by and between the appellant and appellee herein for precisely the same tract of land as is in controversy in this case. After a full hearing, the Court passed an unrestricted decree dismissing the bill.

It is apparent from a consideration of the two records, that the matters set up in the motion to quash are but a repetition of the allegations relied upon by the appellant in furtherance of his bill for specific performance, and upon which the Circuit Court decreed adversely to him.

It is our opinion that this case presents for application the doctrine of *res adjudicata* or estoppel by judgment. The principle is stated in 15 R. C. L., sec. 429, as follows: "Briefly stated, this doctrine is that an existing, final judgment or decree rendered upon the merits, and without fraud or collusion, by a Court of competent jurisdiction, upon matters within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit."

In 23 *Cyc.* 1116 it is said: "The principle of estoppel by judgment is in no way dependent on the form as the object of the litigation in which the adjudication was made; it is only essential that there should have been a judicial determination of rights in controversy with a final decision thereon."

These abstracts are in full accord with the Maryland decisions—*Harryman* v. *Roberts,* 52 Md. 64; *Thomas* v. *Malster,* 14 Md. 382; *C. & O. Canal* v. *Gittings,* 36 Md. 276; *Trayhern* v. *Colburn,* 66 Md. 277; *Barrick* v. *Horner,* 78 Md. 253; *Tifel* v. *Jenkins,* 95 Md. 665; *Whitehurst* v. *Rogers,* 38 Md. 503; *Martin* v. *Evans,* 85 Md. 8.

In an endeavor to oust the justice of the peace of jurisdiction the appellant made and filed an affidavit. The Code by Article 53, sec. 5, provides the method by which this may be accomplished, but this way was not availed of by the appellant, nor under the facts could have been.

We are of the opinion that both the justice of the peace and the Circuit Court had jurisdiction and will therefore dismiss the appeal.

*Appeal dismissed, with costs to the appellee.*