FRED H. UGAST, ET AL. *v*. JAMES A. LAFONTAINE, ET AL.

[No. 6, October Term, 1947.]

228

*Decided November 13, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Duckett, Gill & Anderson* and *Mason, Spalding & McAtee* and *John L. Clark* for the appellants.

*Wilson K. Barnes,* with whom were *Carman, Anderson & Barnes,* and *Charles E. Ford* and *Jerome A. Loughran* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Fred H. Ugast, John W. Lyles and Milton E. Groome, co-partners, trading as Capital Service Stations, brought this suit in the Circuit Court for Prince George's County to recover $33,886.52, which had been lost by their book-keeper, Harry W. Wilson, by gambling. The suit was instituted on December 30, 1943, against James A. La-Fontaine, the Maryland Athletic Club, a corporation, and Charles Price, who operated gaming tables at an establishment on the Baltimore-Washington Boulevard, where Wilson lost their money. Plaintiffs alleged that the book-keeper embezzled $43,886.52, making false entries in their books to conceal the misappropriation; but they had a bond of the United States Fidelity and Guaranty Company for $10,000 to indemnify them again Wilson's misappropriation, and as that company paid them this amount, defendants owed them the balance of $33,886.52.

The Maryland Athletic Club was returned *non est*. The other defendants, LaFontaine and Price, filed three pleas: (1) that the cause of action did not accrue within three months before the filing of the suit, (2) that the cause of action did not accrue within six months before the filing of the suit, and (3) the general issue. Plaintiffs demurred to the first and second pleas, and joined issue on the third. The Court sustained the demurrer to the first plea, and overruled the demurrer to the second plea. The case was then removed to the Circuit Court for Montgomery County, and subsequently to the Circuit Court for Howard County. LaFontaine and Price then, by permission of the Court, filed three additional pleas: (4) that they had discharged plaintiffs' claim by payment, (5) *res judicata*, and (6) that Wilson, plaintiffs' bookkeeper, had brought suit against defendants for $43,-886.52, and had obtained a judgment for $30,000, and that plaintiffs had received the amount of the judgment, and they would be unjustly enriched if they are not estopped from further recovery. Plaintiffs filed a motion *ne recipiatur* to the fourth plea, and demurred to the fifth

and sixth pleas; and the motion and the demurrers were overruled. Plaintiffs declined to plead further, whereupon the Court entered judgment in favor of defendants. From that judgment plaintiffs appealed.

It is an accepted rule of pleading that a motion *ne recipiatur* may be made by a plaintiff if the defendant's pleas were filed too late or not in the mode required by law which entitles them to be replied to. 1 *Poe, Pleading and Practice*, 5th Ed., sec. 668. In the Court below plaintiffs gave no reason for their motion that the fourth plea be not received. As there was no apparent defect in the fourth plea, which followed the statutory form of a plea of payment, Code 1939, art. 75, sec. 28 (51), the Court acted properly in overruling the motion.

We now consider the final question whether the action was *res judicata*. The fifth plea recites that on December 30, 1943, a similar action was brought against the same defendants by Wilson, former employee of plaintiffs, and that the case was removed to the Circuit Court for Montgomery County, where the case was tried on its merits in May, 1945. The plea further recites that Wilson lost $43,886.52 which he had embezzled from his employers; the suit was dismissed as to Price, and the jury brought in a verdict for $30,000 in favor of plaintiff against LaFontaine, and on May 31 judgment was rendered on the verdict; on June 15 the judgment was entered to the use of Fred H. Ugast, John W. Lyles and Milton E. Groome, co-partners, trading as Capital Service Stations; and defendants appealed from the judgment, but on February 7, 1946, it was affirmed by the Court of Appeals. *LaFontaine v. Wilson, To Use of Ugast,* 185 Md. 673, 45 A. 2d 729.

The doctrine of *res judicata* is that an existing final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of the rights of the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction as to the matters in issue in the first suit. *Christopher v. Sisk,* 133 Md. 48,

51, 104 A. 355, 356. The doctrine rests on the ground that the party to be affected, or some other person with whom he is in privity, has litigated the same matter in a former action, and he should not be permitted to vex his opponent by litigating it again, even though the causes of action may be different. Public policy dictates that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered settled as between the parties. *Aspden v. Nixon,* 4 How. 467, 11 L. Ed. 1059, 1074; *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U. S. 522, 51 S. Ct. 517, 75 L. Ed. 1244.

In the case before us the subject matter is the same as in the former suit. Both suits were filed by the same attorneys against the same defendants on the same day in the same Court, and both were brought to recover money lost by the same person at gaming tables operated by the same defendants. The evidence that would be needed to establish the allegations in this case would be the same that supported the former case. The former suit sought recovery under a section of the criminal statute which provides that any person who may lose money at a gaming table may recover back the same as if it were a common debt. Code 1939, art. 27, sec. 298. The present suit is the common law action for money had and received brought to recover money stolen from plaintiffs by their employee and lost by him by gambling. The only difference is that in the former case the gambler brought suit as the loser of the money, whereas in this case the persons from whom the money was stolen claim to be the owners of it. It is evident that the attorneys filed two separate cases in an abundance of caution so that if one case were ruled out the other might be sustained. After the judgment in the former case was affirmed, the entire amount of the judgment with interest was paid to the attorneys for Wilson to the use of the co-partners, and the attorneys ordered the judgment paid and satisfied. Though the amount claimed in the former case was $10,000 more than that claimed in

this case, due to the fact that the bonding company had paid plaintiffs $10,000, the gravamen of the two suits is exactly the same. It is recognized that a right or material fact, which was in issue in a former action, and was there judicially determined, is conclusively settled by a judgment rendered therein, and such right or fact becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of whether the second action is upon the same or a different claim or demand as the earlier action. *Harryman v. Roberts,* 52 Md. 64, 77; *Southern Pacific R. Co. v. United States,* 168 U. S. 1, 18 S. Ct. 18, 27, 42 L. Ed. 355; *Fayerweather v. Ritch,* 195 U. S. 276, 25 S. Ct. 58, 65, 49 L. Ed. 193. As Justice Roberts held in *Tait v. Western Maryland Ry. Co.,* 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405, a judgment on the merits is an absolute bar to a subsequent action between the same parties on the same claim or demand, and is also a bar to an action on a different claim or demand, if the same question is presented.

The only remaining question is whether there is an identity of parties. It is well established that a judgment may not be pleaded as *res judicata* by strangers to the action in which it was rendered, but it may be pleaded only by the parties to the action and their privies. Generally, the parties to a suit are those persons who are entered as parties of record. But for the purpose of the application of the rule of *res judicata,* the term "parties" includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies. *Parsons v. Urie,* 104 Md. 238, 247, 64 A. 927, 8 L. R. A., N. S., 559, 10 Ann. Cas. 278; *Perkins v. Le Viness,* 134 Md. 252, 262, 106 A. 705; *Fish v. Vanderlip,* 218 N. Y. 29, 112 N. E. 425, Ann. Cas. 1916E, 150; *Bigelow v. Old Dominion Copper Mining & Smelting Co.,* 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875. So, where persons, although not formal parties of record, have a

direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties. *Parr v. State,* 71 Md. 220, 17 A. 1020; *Rody v. Doyle,* 181 Md. 195, 199, 29 A. 2d 290. In the present case plaintiffs took an active interest in the suit filed by the bookkeeper. They were not parties of record at the time of the trial of his case, but they practically took charge of it, and Wilson was actually suing as constructive trustee for them. *LaFontaine v. Wilson, To Use of Ugast,* 185 Md. 673, 45 A. 2d 729, 734. Thus it is clear that the claim was *res judicata.*

The action of the Court in entering judgment for defendants was proper because (1) after plaintiffs' motion *ne recipiatur* was overruled, they did not answer the plea of payment, and (2) the plaintiffs' demurrer to the plea of *res judicata* was properly overruled. Either of these reasons would suffice to sustain the judgment.

*Judgment affirmed, with costs.*