SNODGRASS *v.* STUBBS ET AL.

[No. 79, October Term, 1948.]

*Decided February 10, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*A. Frederick Taylor,* with whom were *Samuel K. Dennis* and *Harry W. Allers* on the brief, for the appellant.

*Edward H. Burke,* with whom were *Michael Paul Smith* and *Bowie, Burke & Leonard* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is the second suit in equity instituted by I. Dale Snodgrass against Donald S. Stubbs and Mabel S. Stubbs, his wife, residents of Harford County, to recover a share in the profits from the operation of their farm situated near Cockeysville in Baltimore County.

In 1938 Stubbs and his wife purchased the farm from the University of Maryland for $40,000, and made Snodgrass the manager. The operations on the farm, in addition to the raising of crops, included dairying and canning. In September, 1939, when it appeared that the owners might lose the property unless it was financed, the Reconstruction Finance Corporation authorized a loan of $35,000 upon condition that Snodgrass would put $5,000 as capital in the business. Snodgrass arranged to loan this amount, and on October 6, 1939, an agreement was entered into wherein Stubbs and wife agreed that after the loan from the Reconstruction Finance Corporation and other debts had been paid out of the income from the operation of the dairy and the mushroom business, they would convey to Snodgrass a one-third interest in the farm and mushroom business. After a period of adversity, the farm, known as "Mushroom City," became a success.

In his first suit, filed in the Circuit Court for Baltimore County in 1945, Snodgrass alleged that he was entitled to one-third interest in the farm and the stock and equipment thereon, and one-third of the net profits from the dairy and cannery. He prayed for an injunction against disposition of the farm and its stock and equipment, and for specific performance of the agreement to convey to him a one-third interest in the farm and the businesses thereon, and for the appointment of a trustee to carry out the agreement. The chancellor decided that, when Snodgrass accepted a position with the Reconstruction Finance Corporation, and ceased to devote all his time to the mushroom business, he forfeited all his rights under the agreement. On July 8, 1947, the Court of Appeals, reversing that decree, held that appellant had

performed his obligations under the agreement, and that he was entitled to a conveyance of one-third interest in the farm and all the stock and equipment thereon on June 30, 1945; and we remanded the case for the appointment of a trustee to convey to him one-third interest in the farm and one-third interest in the personal property. *Snodgrass v. Stubbs,* 189 Md. 28, 54 A. 2d 338.

On October 22, 1947, the chancellor passed a decree purporting to be in accordance with the mandate. On the same day appellant appealed from the decree because it did not allow him any share of the profits or any compensation for the use of his one-third interest from the time performance was due under the agreement until the time of the passage of the decree. However, on December 18, 1947, appellant, for the sum of $40,000 and other considerations, agreed to sell to Stubbs and wife his interest in the farm and all the property which was on the farm on June 30, 1945, and released all claims against them, except his right to sue them "for a share of profits of the farm or for the use and occupation thereof from June 30, 1945, to the date of the agreement."

On December 23, 1947, five days after the parties entered into that agreement, appellant filed the present suit in the Circuit Court for Harford County. He alleged in this case that, in selling his interest in the farm and the personal property thereon, he reserved the right to claim one-third of the profits, but he agreed that the transaction was without prejudice to Stubbs and his wife to defeat the claim on any ground including *res judicata.* He prayed for a decree declaring him entitled to one-third of the rents and profits accruing since June 30, 1945.

Defendants demurred to the bill on the ground that the matters alleged therein were *res judicata.* The chancellor sustained the demurrer and dismissed the bill. From that decree complainant appealed here.

It is an established doctrine that an existing final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of the rights of the parties in all other actions

in the same or any other judicial tribunal of concurrent jurisdiction as to the matters in issue in the first suit. Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the parties and of the State require that the validity of the claim and any issue actually litigated in the action shall not be litigated again in a subsequent action between the same parties, regardless of whether the second action is upon the same or a different claim or demand as the earlier action. The doctrine of *res judicata* is applicable although a party against whom a judgment or decree is rendered is subsequently in a position to produce better evidence so that he would be successful in a second action or so that he would be entitled to greater relief than that which was given him by the judgment or decree. *Ugast v. La Fontaine*, 189 Md. 227, 55 A. 2d 705; *Riggs v. Loweree*, 189 Md. 437, 56 A. 2d 152.

The two suits filed by Snodgrass—the first in Baltimore County and the second in Harford County—were between the same parties, and both sought recovery under the same agreement executed on October 6, 1939. Appellant alleged in his first suit that the farm and the associated businesses had been operated at a profit, and that one-third of the net profits belong to him. He claimed therein the profits made after as well as before June 30, 1945, the date when he was entitled to specific performance. A large part of the record on appeal from the chancellor's decree dealt with accounting of the profits at different times from 1939 until April 30, 1946. The Court of Appeals considered the question of appellant's right to share in the profits after June 30, 1945, but we decided that he was not entitled to any share therein. We held that he was entitled to share in the profits only up until June 30, 1945. It appeared from the evidence that, while appellees were risking their capital in the hazards connected with the raising of mushrooms and with the canning business, appellant was living in the manager's

house on the farm after June 30, 1945, while he was employed elsewhere. It therefore appeared that appellant received all that he was entitled to a cotenant, as we held that he was not entitled to share in the profits after June 30, 1945. There is no question, of course, that the Court of Appeals takes judicial notice of the records and all other papers properly filed in this Court. *Christopher v. Sisk*, 133 Md. 48, 104 A. 355. Moreover, after the Circuit Court for Baltimore County complied with the mandate of the Court of Appeals by entering the decree of October 22, 1947, appellant entered an appeal therefrom to the Court of Appeals, but on February 3, 1948, the appeal was dismissed by his order.

It is a well settled rule that the defense of *res judicata* may be interposed by demurrer when the fact and the nature of the prior adjudication appear on the face of the pleadings. *Polish-American Building & Loan Ass'n v. Dembowczyk*, 167 Md. 259, 264, 173 A. 254. It is clear that the decree of this Court in the first case is *res judicata* of the present case.

*Decree affirmed, with costs.*