BERLINSKY *v.* EISENBERG ET AL., TRUSTEES

[No. 18, October Term, 1950.]

*Decided November 3, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Garfield A. Berlinsky,* in proper person.

, *Edmund P. Dandridge, Jr.,* with whom were *Venable, Baetjer & Howard* and *John M. Butler* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from a summary judgment of $560.00 entered by the Baltimore City Court against the appellant for use and occupation of the premises 857 N. Howard Street from November 1, 1947 through December 31, 1948 (14 months at $40 per month), after the court had denied a motion to dismiss the action for lack of jurisdiction. The appellant contends that the property involved was "housing accommodations" subject to federal rent control; that the landlords failed to register the property as required by the federal act; and that their failure to do so precludes any resort to the state courts to collect rental or rental value.

The appellant raised the same question in *Berlinsky v. Eisenberg,* 190 Md. 636, 59 A. 2d 327. In that case the landlord brought proceedings in the People's Court to evict him from these same premises. On appeal to the Baltimore City Court a judgment for restitution of the property was entered. On appeal to this court we held that the People's Court and the Baltimore City Court had jurisdiction to determine the question as to whether the property was "housing accomodations", but that the correctness of the decision was not reviewable by this court since no appeal is provided by statute. Accordingly, we dismissed the appeal. Since the appellant's attack on the jurisdiction in the instant case rests wholly upon his contention that the property involved is "housing accommodations", the question is *res judicata.* The general rule is well established. *Ugast v. LaFontaine,* 189 Md. 277, 230, 55 A. 2d 705; *Snodgrass v. Stubbs,* 192 Md. 287, 290-291, 64 A. 2d 130, 132; Restatement, Judgments, § 68 (1). See also *Scholl v. Tibbs,* D. C. Mun. App., 36 A. 2d 352, where the rule was applied in an eviction proceeding from property subject to rent control.

The appellees contend that even if the property had been subject to rent control, the rental value for the period covered by the judgment in the instant case was fixed by the Housing and Rent Act of 1947, 50 U. S. C. A.

Appendix, § 1881 *et seq.*, and the effective regulations, at the amount paid on April 1, 1940, when the appellant was paying a rental of $40 per month, the amount claimed for use and occupation. Hence there was no necessity for administrative action, and the failure to register the property was quite immaterial. We find it unnecessary to pass on the question, because in any event the appellants right to rely upon the federal act was decided adversely to him in the prior litigation. The fact that the damages for use and occupation cover a period subsequent to the order of eviction cannot alter the fact that the question whether the lease had been properly terminated before the period in question was finally adjudicated in the former case.

*Judgment affirmed, with costs.*