VANE ET UX. ETC. *v.* C. HOFFBERGER COMPANY

[No. 34, October Term, 1950.]

452

*Decided December 7, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Richard H. James* for the appellants.

*LeRoy E. Hoffberger,* with whom was *Sigmund R. Kallins* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

On September 14, 1948, C. Hoffberger Company, appellee, serviced the oil burner in a building owned by James Harrison Vane and Margaret Vane, his wife, in Baltimore City. Employees of the appellee allowed smoke to permeate the premises causing damage to that building and certain foodstuffs. The Vanes had two insurance policies, one with the Employer's Fire Insurance Company covering loss to food and other stocks, the other with the Home Insurance Company covering damage

to the building and fixtures. The Vanes were paid $75 by the Employer's Fire Insurance Company for damage to food, and $589.65 by the Home Insurance Company for damage to the building. Under the subrogation clauses in the policies, the Vanes assigned all their right, title and interest in each claim over to the respective insurance companies.

The Employer's Fire Insurance Company, on December 23, 1948, filed suit, eventually docketed in the name of James Harrison Vane and Margaret Vane, his wife, to their own use and to the use of the Employer's Fire Insurance Company, against the C. Hoffberger Company, appellee, in the People's Court of Baltimore City for $75. On February 16, 1949, before the trial of the case in the People's Court, a suit for $598.65 was filed in the Baltimore City Court against the appellee by James Harrison Vane and Margaret Vane to their own use and to the use of the Home Insurance Company, a body corporate. The Home Insurance Company had no knowledge of the case pending in the People's Court. While the case of the Home Insurance Company was pending in the Baltimore City Court, on March 7, 1949, judgment was rendered in the People's Court in favor of the Vanes to the use of the Employer's Fire Insurance Company and against appellee in the amount of $75. No appeal was taken from that judgment.

On March 21, 1949, within the time required by the summons, the appellee filed a plea in the case pending in the Baltimore City Court stating that it did not commit the wrong alleged, and that the rights of the appellants had been adjudicated in the People's Court by the rendition of a judgment against the defendant for $75, which judgment the appellee had paid in full and that that judgment was a bar to the action in the Baltimore City Court. On January 26, 1950, a verdict was rendered in favor of the appellants in the Baltimore City Court for the sum of $598.65 whereupon the appellee filed a motion for a judgment N. O. V. and for a new trial. The motion for the judgment N. O. V. was granted

and judgment entered for the appellee for costs. From that judgment appellants appeal.

The question before this Court is whether the judgment against the appellee in the People's Court was an effective bar to recovery by the appellants in the suit in the Baltimore City Court.

Code Article 75, Section 3, provides in part: "* * * every action for damages wherein the judgment or any part thereof, which may be recoverable, shall inure to the benefit of any person claiming the same by reason of subrogation, shall be prosecuted in the name or names of the real party or parties in interest so claiming by subrogation; and upon petition of any defendant to said suit or action, the Court shall order any person having such right by subrogation to be made a party plaintiff." For the purpose of the rule of *res judicata*, "parties" include "all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies." *Ugast v. LaFontaine*, 189 Md. 227, 232, 55 A. 2d 705 and cases there cited; *Snodgrass v. Stubbs*, 192 Md. 287, 64 A. 2d 130; *Berlinsky v. Eisenberg*, 196 Md. 290, 76 A. 2d 353.

The case of *Packham v. German Fire Insurance Company*, 91 Md. 515, 46 A. 1066, 50 L. R. A. 828, is very pertinent to the issues here presented. In that case the German Fire Insurance Company issued a policy of insurance to Packham insuring him against loss by fire on office furniture and fixtures. This policy contained the usual clause requiring the assured to assign over all his rights in case the insurance company paid any loss. Packham held other policies with several other companies upon his stock of merchandise. While these policies were in effect the property insured, together with a large stock of merchandise belonging to Packham, was destroyed by fire caused by the alleged wrongful conduct or negligence of the Consolidated Gas Company of Baltimore City. After the fire Packham instituted suit against the Consolidated Gas Company for the loss

suffered by him on his merchandise and property and on the profits of his business by reason of the fire so caused by the negligence of the Gas Company. The parties agreed that a verdict should be rendered for Packham for $18,000, which was accordingly rendered. These damages by expressed agreement were apportioned by fixing $9,000 as a loss on the merchandise and $9,000 as loss of profits in business. The loss sustained on the furniture and fixtures was by expressed agreement of the parties to the suit wholly excluded from the consideration and from the damages awarded by the verdict, although the same negligence and the same resulting fire caused all the damage sustained. Judgment was entered and paid in full. Packham later brought suit against the German Fire Insurance Company under the policy for damage to the furniture and fixtures. The Fire Insurance Company pleaded first the general issue plea and a special plea setting forth the facts hereinbefore recited and claiming that the previous adjudication destroyed the plaintiff's right of subrogation stipulated for in the policy and released it from liability thereon. Packham demurred to this plea and the demurrer was overruled. This Court, in sustaining the ruling on the demurrer, held that the insurer was a surety who was entitled to all the remedies and securities of the assured and to stand in his place and use his name in an action to recover the money which he had paid. The liability of the wrongdoer was, in legal effect first and principal, and that of the insurer secondary, not in order of time, but in order of ultimate liability. *Cushman & Rankin Co. v. Boston & Maine R. Co.,* 82 Vt. 390, 73 A. 1073; *Phoenix Insurance Co. v. Erie and Western Transportation Co.,* 117 U. S. 312, 6 S. Ct. 750, 29 L. Ed. 873.

This Court in *Packham v. German Fire Insurance Company, supra* [91 Md. 515, 46 A. 1068], quoted from *Aetna Insurance Company v. Hannibal & St. J. Railway Company,* 1 Fed. Cas. No. 96, page 207, 3 Dill. 1, the following: "The suit, though for the use of the insurer, must be

in the name of the person whose property was destroyed. The wrong was single and indivisible and gives rise to one liability. If one insurer could sue, then if there are a dozen, each may sue, and, if the aggregate amount of the policies falls short of the actual loss, the owner could sue for the balance. This is not permitted, and so it was held one hundred years ago in a case whose authority has been recognized ever since, both in Great Britain and this country. *Assurance Company v. Sainsbury*, 3 Doug 245." Even though several pieces of property, belonging to the same person are damaged by a single wrongful act, only one cause of action arises, and the damage to all of the property insured must be recovered in but one action. See 2 Freeman On Judgments, Sections 610 and 612, pages 1281 and 1283. *Beronio v. Southern Pacific Railway Co.*, 86 Cal. 415, 24 P. 1093. This principle is not affected by the fact that one action is brought in an inferior tribunal. It is said in 2 Freeman On Judgments, Section 547, page 1168, Character of the Tribunal—Equity and Inferior Courts, in expressing this rule: "In that connection, the rule is laid down that final judgments of both inferior tribunals and courts of equity are effective as merger, bar or estoppel in other courts both of law and equity, subject to the usual limitations." See also *Broxton v. Nelson*, 103 Ga. 327, 30 S. E. 38; *Geracy Inc. v. Hoover*, 77 U. S. App. D. C. 55, 133 F. 2d 25, 147 A. L. R. 185. Article 27 Virginia Law Review, 1103.

The appellants admit that appellee's plea in the Baltimore City Court was filed within the time required by the summons and that the plea set out the judgment obtained in the People's Court as a bar. They base their whole case on the contention that such a plea should have been filed in the Baltimore City Court before the time required by the summons and before the judgment was obtained in the People's Court, and by not filing the plea within that time it waived the defense of *res judicata*.

The appellants cite the following quotation from Restatement of the Law, Judgments, Former Adjudication, Page 251, Section 62M: "Consent of Defendant: * * * where the plaintiff brings separate actions based upon different items included in his claim and in none of the actions does defendant make objection that another action is pending based upon the same claim, a judgment for plaintiff in one of the actions does not preclude him from obtaining a judgment in the other actions. In such a case the failure of defendant to object to the splitting of the plaintiff's claim is effective as a consent to the splitting of the claim." They rely heavily on the case of *Georgia Railway & Power Co. v. Endsley,* 167 Ga. 439, 145 S. E. 851, 62 A. L. R. 256. The plaintiff in that case suffered damage to her automobile in collision with a street car of defendant. On March 25, 1926, she brought a suit in the municipal court of Atlanta to recover for damage to her automobile. On the next day, March 26, 1926, she brought suit against the same defendant in the Superior Court of Fulton County to recover damages for injuries alleged to have been inflicted to her person in the same collision. No plea in abatement was filed to either suit on the ground that the other action was pending. On the contrary, to each action the defendant pleaded simply a general denial of liability. On May 18, 1926, the plaintiff obtained a verdict and judgment in the municipal court for $50 which was paid by the defendant. Thereafter, on September 23, 1926, the defendant filed a plea in bar to the suit in the superior court setting out as a defense the judgment for property damages. The Supreme Court of Georgia held in that case that it was too late for the defendant to object to the splitting of the action into the two suits after judgment had been rendered against it in one of them, when both had been started at practically the same time, and where to each the defendant had pleaded a general denial. In such a situation, the Court held, the defendant is presumed to have waived his right to object and he had impliedly consented.

In *Southern Stock Fire Insurance Co. v. Raleigh, C. & S. Railway Co.*, 179 N. C. 290, 102 S. E. 504, relied on by the appellants, the defendant had answered to the merits instead of objecting to the division of actions by plea or motion and was held to have acquiesced in such division. In *Hardwicke-Etter Co. v. City of Durant*, 77 Okl. 202, 187 P. 484, cited by appellants, it was held that consent to the splitting of causes will be presumed unless the former action in bar is pleaded. In *Mayfield v. Kovac*, 41 Ohio App. 310, 181 N. E. 28, 30, relied on by appellants, it was held that the defendant had waived his right to object to the division of causes by failure to interpose "in the second action, and at the earliest opportunity, a plea in bar, or otherwise object." In *National Union Fire Insurance Company v. Denver & R. G. R. Co.*, 44 Utah 26, 137 P. 653, cited by the appellants, it was held that the splitting of causes could not be raised by a general demurrer and the objection was waived if no specific objection was made. In the case now before this Court, the first plea filed by the appellee, and within the time required by the summons, set out the judgment previously obtained in the People's Court as a bar. The cases relied upon do not support appellant's contention.

The judgment will be affirmed.

*Judgment affirmed, with costs.*