**YELLOW CAB COMPANY OF D. C., INC., a corporation, and Max Pollack, Appellants,**

v.

**UTICA MUTUAL INSURANCE COMPANY, a corporation, Appellee.**

No. 3079.

District of Columbia Court of Appeals.

Argued Dec. 3, 1962.

Decided Feb. 8, 1963.

Charles Jay Pilzer, Washington, D. C., with whom Harvey A. Jacobs, Hubert M. Schlosberg and George J. Hughes, Washington, D. C., were on the brief, for appellants.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

One Reutemann, a Maryland resident, was the owner and operator of an automobile which was struck by a Yellow Cab operated by Max Pollack, at a street intersection in Maryland. Utica Mutual Insurance Company was the collision carrier for Reutemann and it paid him for the damage to his automobile, less $100 deductible under the terms of his policy. Thereafter Reutemann sued Yellow Cab and Pollack in the Circuit Court for Montgomery County, Maryland, for personal injuries and property damages. In that trial liability of the defendants was admitted and Reutemann obtained a judgment for his personal injuries and for $100 property damage. He was not allowed to prove his entire property damage because the defendants' attorneys objected to proof of such damage in excess of $100, the amount he was responsible for under the deductible clause of his insurance.

After Reutemann had obtained and collected his judgment in Maryland, Utica Insurance, as subrogee of Reutemann, brought the present action in the District of Columbia against Yellow Cab and Pollack for the amount it had paid Reutemann under its policy of insurance. It was stipulated that Utica, if entitled to recover, was entitled to $1,355.10; but the defendants (Yellow Cab and Pollack) insisted that Utica could recover nothing, that Reutemann's judgment in Maryland was a bar to any further action by him or his subrogee, and that under Maryland law the present action constituted an improper splitting of a cause of action. The trial court ruled that Utica's claim was not barred and gave judgment in its favor. Yellow Cab and Pollack appealed.

Appellants rely heavily here, as they did in the trial court, on the case of Vane v. C. Hoffberger Co., 196 Md. 450, 77 A.2d 152, 22 A.L.R.2d 1450. That case lends considerable support to their contention, but we are not persuaded that it is controlling in this case. The Vane case was decided in 1950. Rule 203 of the Maryland Rules of Practice and Procedure, effective January 1, 1957, provides:

"a. Action in Name of Real Party. An action shall be prosecuted in the name of the real party in interest * * *.

"d. Real Party Made Plaintiff. Where it appears that the action has not originally been filed in the name

of the real party in interest under section a, the court may, upon petition of a defendant, order the real party in interest to be made a party plaintiff."

Although this Rule is somewhat similar to Art. 75, Section 3, of the Maryland Code of 1951, now repealed, it is broader in scope and it appears to us that it was intended to bring the Maryland practice more in accord with the modern trend. It gives a defendant the right to have the real party in interest made a party plaintiff; and a failure to exercise this right ought not operate to a defendant's advantage.

When the action was commenced in Montgomery County the defendants there were fully aware that Utica had paid all of Reutemann's property damage except $100 and accordingly had been subrogated to his rights to the extent of the money so paid. They had the right to have Utica made a party plaintiff. They did not do so but they did insist at trial that Reutemann's recovery for property damages be limited to $100. They cannot be allowed by this maneuver to bar Utica's recovery of its legitimate claim. In Yorkshire Ins. Co. v. United States, 3 Cir., 171 F.2d 374, 376, aff'd United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, it was said "that the rule of one claim, one lawsuit, is for the benefit of the defendant, and he is the one who should make a timely claim to join the necessary parties." The defendants here failed to make such timely claim and are now in no position to complain that they have been twice sued.

Affirmed.